(No. 34787.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM WILFONG, Plaintiff in Error.

*Opinion filed September 24, 1959.*

KENNETH P. MILES, of Elgin, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and FRANK H. MASTERS, JR., State's Attorney, of Joliet, (FRED G. LEACH, WILLIAM H. SOUTH, Assistant Attorneys General, and JOHN J. McGARRY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, William Wilfong, was tried by a jury in the circuit court of Will County upon a charge of armed robbery. He was found guilty and was also found to be an

habitual criminal. He was sentenced to the penitentiary for a term of not less than 20 years nor more than life imprisonment. The case is now before us on a writ of error.

Defendant first contends that the record fails to show that the grand jury which indicted him was legally impaneled. The record which was filed in this court by the defendant does not contain the order of court impaneling the grand jury. But the State suggested diminution of the record, and has filed an additional record and abstract which show a proper impaneling of the grand jury. This additional record and abstract dispose of the first assignment of error.

The defendant also contends that the verdict of the jury finds him guilty of a crime other than that for which he was indicted. The basis for this contention is the fact that the jury's verdict finds the defendant guilty as charged in the indictment, and also finds that "at the time of the commission of said robbery the defendant had present a confederate to aid and assist him, armed with a dangerous weapon, to-wit, a revolver." The reason for this finding is obvious. The defendant was charged with armed robbery. The evidence did not indicate that the defendant carried a weapon, although it showed that one of his confederates did. The defendant was responsible for the acts of his confederates as well as his own in the commission of the crime. (Ill. Rev. Stat. 1957, chap. 38, pars. 582, 583.) This is reflected in the instruction of which he complains: "The court instructs the jury that all who join in a common design to commit a crime are liable for the acts of each of their accomplices in furtherance thereof if such crime is committed by one or more of them in pursuance of such common design." The defendant was found guilty of the crime with which he was charged. See *People* v. *Cunningham*, 300 Ill. 376, 382.

Defendant also argues that the trial court erroneously denied his motion for a change of venue. Defendant was

brought into court on February 21, 1957, and furnished with a copy of the indictment and a list of witnesses and jurors. The Public Defender was appointed to represent him and the case was continued until March 5. On that date defendant made an oral motion to quash the indictment based on the alleged unconstitutionality of the Habitual Criminal Act. The motion to quash was denied and a plea of not guilty was entered. Defendant's counsel demanded immediate trial and the case was continued to March 18 on motion of the State's Attorney.

On March 18, the case was called for trial and a jury was called to the jury box. Defendant then stated that he had just been informed that he had inherited some property, and requested a continuance so that he could retain his own attorney. This request was denied and defendant then orally demanded a change of venue because he was being denied the services of an attorney. The trial judge gave defendant time to submit a written motion for a change of venue.

Such a motion was submitted. It did not mention any desire to retain his own counsel. Instead it stated that the presiding judge was prejudiced against the defendant and had coerced him into pleading guilty to another offense in 1947. The same judge had presided during all of the proceedings in the defendant's case. The motion for a change of venue was not made until after the judge had overruled defendant's challenge to the constitutionality of the statute under which he was being prosecuted. Such a motion is to be presented at the earliest practical moment, and a motion presented after the court has ruled on matters going to the merits comes too late. *People* v. *Chambers,* 9 Ill.2d 83.

The judgment of the circuit court of Will County is affirmed.

*Judgment affirmed.*