(No. 39867.—

WILLIAM J. WAGNER, Appellee, *vs.* MICHAEL DAVID *et al.*, Appellants.

*Opinion filed October 28, 1966.*

SOLFISBURG, J., took no part.

WILLIAM H. WAKE, of Aurora, for appellants.

DREYER, FOOTE & STREIT, of Aurora, (RICHARD C. HAMPER and WILLIAM J. FOOTE, of counsel,) for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Two cases involving complaints for foreclosure of two separate mortgages were consolidated. The trial court found in favor of the defendants on the merits. Plaintiff took an appeal to the Appellate Court, Second District. That court ordered a remandment to the trial court on the grounds that the consolidation of the two cases was improper and that the motion for a change of venue should have been granted. It did not pass upon the merits of the cause. Defendants' leave to appeal to this court was granted.

These cases were filed in the circuit court of Kane County, as case No. 55—890 and case No. 55—891, in 1955. Both cases were referred to the master in chancery. Many hearings were held in case No. 55—891 and finally the master's report was filed, objections were made and denied. The objections were allowed to stand as exceptions after the trial court received the master's report. The exceptions were argued before Circuit Judge John S. Petersen on April 9, 1962. The trial court took the case under advisement at that time.

Meanwhile, in case No. 55—890, Judge Petersen on February 20, 1961, denied defendants' motion challenging the jurisdiction of the master in chancery to hear the cause. Hearings in that matter began on February 27, 1961. The plaintiff testified therein that a mortgage was executed in his favor by the defendants, that the mortgage was still his property, that it was given to him in 1947, at the time of its execution, and that it was recorded by him in 1955. With the plaintiff still on the stand on cross-examination, the master denied an objection to a question, made by plaintiff's counsel with the obvious intent of certifying the question to the trial court, and plaintiff's counsel said "Well, then I think we have gone about as far as we can go this morning". However, no further action was taken by the plaintiff until February 1964. At that time the plaintiff complained to

Chief Judge Charles G. Seidel that there had been no decision in his case. In a conference between Chief Judge Seidel, Judge Petersen, and the attorneys for both parties, held on February 20, 1964, Judge Petersen informed the parties that it was his impression that the case was to be settled, but that if not, he would render a decision in the near future.

On March 11, 1964, the defendants filed a motion to consolidate the causes alleging that both alleged causes arose out of the same transaction, and that it would be unnecessary to duplicate the voluminous record if leave be granted by the court for the introduction of any additional testimony and evidence required. This motion was vigorously opposed by the plaintiff who had still not proceeded forward in case No. 55—890 with the certification of his question to the court.

On April 2, 1964, the trial court ordered the consolidation and continued the cause to April 27, 1964, for the taking of additional testimony. No additional testimony was offered by either party. It is plaintiff's contention, both in his briefs and in oral arguments, that in case No. 55—890 he had established a *prima facie* case, and it is defendants' contention that after consolidation no further defense was required.

It was in this atmosphere that on May 20, 1964, plaintiff filed a motion for a change of venue alleging that he would not receive a fair trial before Judge Petersen because of his complaints to the Chief Judge about the long "delay in bringing these matters to a conclusion". The trial court denied the motion as untimely.

The appellate court ruled that the consolidation was improper and that the motion for a change of venue should have been granted.

We believe this to be error. The voluminous record in the case clearly demonstrates that both of these mortgage documents were prepared by the same attorney at the same

time, place, and in the presence of both Wagner and David. They were part of the same transaction under both the plaintiff's and the defendants' theory of the case. The plaintiff contends that they were to reflect his interest in the joint enterprise. The defendants contend that they were to be delivered as a gift only upon the event of a contingency that did not occur. The defenses of non-delivery and failure of consideration in both cases are identical. The record is replete with cross references, assertions and denials concerning both parcels of real estate, and concerning the question of consideration. The record is also clear that both mortgages were either delivered or not delivered at all.

Section 51 of the Civil Practice Act provides: "An action may be severed, and actions pending in the same court may be consolidated, as an aid to convenience, wherever it can be done without prejudice to a substantial right" Ill. Rev. Stat. 1965, chap. 110, par. 51.

Moreover, under the plaintiff's theory that he had put in a *prima facie* case and under the position taken by both parties that no further proof was required, it is difficult for this court to see how a substantial right would be prejudiced by the consolidation. Rather we feel that the consolidation did, particularly under the facts of this case, with its long delays, expedite the final determination of the controversy, conserve the court's time and save unnecessary expense. *Peck* v. *Peck*, 16 Ill.2d 268.

The record is clear that Wagner first learned of the alleged prejudice of the trial judge on February 20, 1964, when he made his complaint to the Chief Judge. He was before the court on his objection to consolidation on March 13, 1964, at the time of the court's order on consolidation of April 2, 1964, and at the time set for additional proof on April 27, 1964. It was only when the matter was continued to May 25, 1964, and after both parties had advised the court that no additional proof would be presented, that on May 20, 1964, plaintiff filed his motion for a change of

venue. The trial court had read and evaluated the entire voluminous record. Nothing remained to be done other than the rendering of a decision at that time. This had theretofore been promised by the trial judge.

The statute on change of venue is very clear. Section 6 provides: "No application for a change of venue shall be allowed * * * except where the causes have arisen or come to the knowledge of the applicant within less than ten days before the making of the application." (Ill. Rev. Stat. 1965, chap. 146, par. 6.) We have said that statutory provisions with respect to change of venue are to be liberally construed (*People* v. *Scott,* 326 Ill. 327), but it is also true that a petition for a change of venue is to be offered at the earliest practical moment. *Commissioners of Drainage Dist.* v. *Goembel,* 383 Ill. 323; *Swanson* v. *Randall,* 30 Ill.2d 194.

We do not feel that the facts in this case meet the statutory requirements. Judge Petersen had ruled on matters in these cases as early as 1962. It was only after the consolidation order of April 2, 1964, which was bitterly contested, and after both parties had indicated that no further proof was to be offered, that on May 20, 1964, the motion was made. Moreover, this was a delay of three months from the time of the complaint to the Chief Judge, which is plaintiff's basis for the alleged bias. Under these circumstances we do not believe that the trial court abused its discretion in denying the motion for a change of venue.

These are the only questions properly reviewable by this court. The cause is hereby remanded to the Appellate Court, Second District, with directions to determine the merits of the cause.

*Reversed and remanded, with directions.*

Mr. JUSTICE SOLFISBURG took no part in the consideration or decision of this case.