(No. 39813.—

RUTH MARGUERITE STICKLER *et al.*, Appellees, *vs.* DANIEL
F. McCARTHY, Appellant.

*Opinion filed March 29, 1967.*

DAVID K. ANDERSON, of Evanston, and ROBERT A.
SPRECHER, of Chicago, for appellant.

THOMAS E. KEANE, of Chicago, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is another in a series of cases arising out of discovery procedures. The circuit court of Cook County rendered a judgment on the pleadings as a sanction against the defendant, Daniel F. McCarthy, for failure to produce documents and to honor a deposition subpoena in an action for attorney fees by the original plaintiff, Harold Stickler. Damages were assessed in the amount of $130,000. The Appellate Court, First District, affirmed the trial court on the issue of liability but reversed and remanded for a jury hearing on the question of damages. (64 Ill. App. 2d 1.) We granted leave to appeal.

Defendant retained Stickler, a lawyer, to represent him in litigation wherein one Pickett claimed a one-half interest in a number of parcels of real estate held in defendant's name and in the names of nominees. Pickett's claims were settled out of court. Stickler billed defendant and had been paid $17,875. His version of the employment contract was that he was to be paid a minimum fee of $25 per hour plus a further fee for the reasonable value of his services and a bonus based upon the degree of his success. He claimed to have spent 1,000 hours (later reduced to 715 hours) for his client, that he settled the claims very advantageously, and that he was entitled to a further fee and bonus of $130,000. Defendant stated that he was to pay only $25 per hour as total fees without any bonus.

A notice of a discovery deposition was served on defendant demanding books of accounts and other records for the years 1948 to 1961 pertaining to 35 transactions and subjects. The first hearing was held on May 9, 1963, and thereafter seven more had been held by October 1, 1963. At the several hearings some 1300 pages of testimony were taken during which defendant expressed a willingness to produce documents, but he insisted that he should not have to furnish those containing confidential matters which would disclose his apparently successful operations.

On November 12, 1963, pursuant to a motion to which objections were filed, an order was entered directing that all documents requested in the original notice be furnished, that defendant answer all questions propounded to him and that the discovery deposition be resumed in the judge's court room on November 15. On that day defendant produced photostatic copies of ledger sheets pertaining to a number of the transactions and said that if he were given more time he could bring in additional relevant material. Plaintiff filed another motion stating that the ledger sheets did not give the information requested concerning sales and that one of the photostats admittedly had been changed.

The court entered a supplemental order on November 21 directing production of original ledger sheets covering the years 1948 to date insofar as they pertained to acquisition or sales of real estate together with original cash journals and set the next deposition hearing for November 25. The courthouse was closed on that date because of President Kennedy's funeral, and plaintiffs attorney wired the judge from Rochester, Minnesota, that he could not get back until November 27. On November 26 an order was entered deferring all proceedings in the cause until November 27. On that day, defendant's motion to remove the cause from the trial calendar (previously set for December 17, 1963) was argued and extensive colloquy ensued between counsel and the court. New counsel (an order approving substitution of counsel had been entered on November 4) stated that he had spent much time on the case going through the documents which defendant had searched out from his files and that he needed to take plaintiff's deposition, but did not have time before the trial date and he moved that the cause be removed from the jury trial calendar. The court refused and denied the motion, whereupon defendant's attorney again complained that the original notice (incorporated in subsequent orders) was too broad in that it called for documents not needed and it requested confidential information.

Thomas E. Keane, plaintiff's counsel, then said: "Now, all Mr. McCarthy has to do is take the properties listed in the quit claim deed—those are the ones in which we represented him—give us the acquisition cost, whatever it was, * * * so that we have all the costs in piece A, and the sale price as shown on his books and records. That is just as simple as the day is long, and that is all we want. I don't care about any transcripts, or motions or orders." The court then commented "that is all he wants." Thereafter Keane said: "(I)f he has the stenographer write just my last few words, he will know explicitly what we want, and for his enlightenment, I will tell him again. Take the quit claim

deed given by Pickett in the Pickett-McCarthy settlement and take the properties set forth in the quit claim deed, and give us the records on all of the acquisition costs, and the sale prices. I do not care who he sold them to or anything else." The court directed preparation of an order for production of only those documents mentioned by plaintiff's attorney.

On November 29 such an order was entered and resumption of the deposition hearing was set for December 2. Defendant did not appear on November 29 (it being understood that he would not) and he says that neither he nor his attorney had notice of the date for resumption of the hearings and that, in fact, they knew neither that the order was to fix the date of the next hearing nor that a setting had been made for December 2. By agreement the time was then set for December 4 and later changed to December 5. On December 5, defendant, after giving notice, asked for an order compelling plaintiff to submit to the taking of his and his attorney's depositions and presented motions for a change of venue from the trial judge and from all other judges of the municipal court. On the same day plaintiff filed a motion to strike defendant's answer and for a judgment on the remaining pleadings under section 19—12(3) of Rule 2 of the Municipal Court (identical with our then Rule 19—12—now Rule 219 effective January 1, 1967) and the court struck the answer and entered judgment for plaintiff in the sum of $130,000 without any evidence being taken.

Defendant strenuously argues that he was always willing to co-operate but that the request for production of documents requested at the time of giving notice to take depositions was too broad, and that the books of accounts contain data and material regarding transactions which were personal to him, were not germane to the issues and showed his *modus operandi*. This was the position taken at the first deposition hearing on May 9 and maintained

throughout until the court's order of November 29 which greatly reduced the requirements of the earlier orders in accordance with plaintiff's reduced demands.

Prior to the November 27 hearing the prior orders had directed production of all documents demanded in the original notice: "(E)ach and all documents in the possession, custody or control of McCarthy, his agents or attorneys, or available to him or them upon his or their request, relating to the period from 1948 to 1961, both inclusive, pertaining to, concerning or containing information with respect to the transactions, matters and things hereinafter described. The term 'documents', as used herein, shall be deemed to mean and include, insofar as appropriate to the particular transaction or matter hereinafter referred to, books of account, records, agreements, options, appraisals, valuations, leases, promissory notes, mortgages, pledge agreements, proposals, letters sent or received, notices, statements, bills, invoices, assignments, receipts, lists, schedules, court pleadings, work papers, diaries, notations, summaries or memoranda or other documents or instruments, similar or dissimilar to the foregoing, including originals, carbon-duplicates, copies, photostats, preliminary drafts, working copies, final drafts, charts, chronologies or otherwise, pertaining to, concerning or containing information with respect to, each and all of the following transactions, matters and things." There followed 35 numbered requests which include various transactions, suits in various courts (without specification as to what was required), advancements and settlements.

Rule 17 of this court (Ill. Rev. Stat. 1963, chap. 110, par. 101.17) provided (prior to January 1, 1967) that upon motion for the production of "specified documents, relating to the merits of the matter in litigation, for inspection and to be copied or reproduced, * * * the court may make any order that may be just." Rule 19—12 provided

that if a party "unreasonably refuses to comply with any provision of Rules 17 to 19—12, both inclusive, or Rule 22, or fails to comply with any order entered under said rules, the court may, on motion, in addition to remedies elsewhere specifically provided, order one or more of the following, as may be appropriate: that the party be nonsuited; that his complaint be dismissed; that all or any part of his pleadings be stricken and judgment rendered on the remaining pleadings of the case; that he be debarred from filing any other pleading; that he be debarred from maintaining any particular claim, counterclaim, third-party complaint or defense respecting which discovery is sought; * * *."

The circumstances here narrow the scope of this opinion to the question of whether the court abused its discretion in applying the drastic sanctions of striking defendant's defense and entering judgment against him for the full amount of the *ad damnum*. (See *People ex rel. General Motors Corp.* v. *Bua,* Docket Nos. 39380-556, also adopted this day.) The trial judge recognized that the parties were at odds on the question of production when at the hearing of November 27 he recalled that the ledger sheet copies produced by defendant were not sufficiently explicit and that defendant had mentioned that disclosure of some documents would disclose his technique of doing business. Notwithstanding this judicial attitude, less than one week later he entered the most severe order authorized by the rules. While the December 5 order appealed from refers to violations of the court's prior orders of November 12 and November 21, it seems evident that sanctions were invoked primarily because of failure to appear on December 2 and to comply with the order of November 29. The lowering of the demands by plaintiff was not complete exoneration for past failure to comply, but certainly it would be difficult to justify applying sanctions where the parties were always at odds as to the scope of the discovery demands and the

demands had been reduced to what appears to be a more reasonable level. This is not to say that defendant was faultless. His dilatory tactics showed a lack of co-operation which was frustrating to opposing counsel and must have been irritating to the court. Nevertheless, the earlier demands were merged into those as limited at the November 27 hearing and included in the court's order of November 29. We, therefore, view this problem primarily from the standpoint of the happenings subsequent to November 27 with the prior demands and orders as a backdrop.

Plaintiff's motion to strike the defense of defendant, supported by affidavit exceeding 6 pages in length and attached exhibits, was handed to defendant's counsel in the courtroom on December 5. The court then recessed for 15 minutes to give him time to read the affidavit. Defendant's counsel stated that the affidavit was not true in some respects and asked leave to file counteraffidavits. This request was refused and the court said that he had the alternatives of entering judgment, assessing attorney's fees for plaintiff or entering a rule for contempt. At this point defendant's counsel advised the court of his petitions for change of venue, notice of which had been served upon plaintiff's agent the preceding day. The court refused to consider the petitions and then announced entry of the order appealed from.

We are of the opinion that the trial court abused its discretion in applying these sanctions. The time for production of the documents under the reduced demands contained in the November 29 order was short considering their volume. Defendant's counsel was given no chance to file counteraffidavits setting up his reasons for failure to appear on December 2 and December 4 (the day in between having been passed by agreement), nor were his motions for change of venue considered or passed upon by the court.

The judgment of the Appellate Court, First District, is affirmed on the issue of damages, and reversed on the issue

of liability, and the cause is remanded to the circuit court of Cook County with directions to reinstate defendant's answer and to proceed in a manner consistent with this opinion.

*Affirmed in part and reversed in part and remanded, with directions.*