Ann Caprata and Patrick McCain, Plaintiffs-Appellees,
v. W. J. Black, Individually and d/b/a Edlac In-
dustrial Equipment, Defendant-Appellee, v. Dr.
Charles R. von Solbrig, Lienor-Impleaded-Appellant.

Gen. No. 53,690.

First District, Fourth Division.

July 22, 1970.

363

William T. Halvorsen, of Chicago, for appellant.

No brief for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Lienor appeals from an order of September 20, 1968, which denied his petition for a change of venue and adjudicated his physician's lien in an amount substantially less than that claimed.

■ While there has been no appearance filed in this court on behalf of any appellee, we shall, nevertheless, consider the appeal on its merits. Daley v. Jack's Tivoli Liquor Lounge, Inc., 118 Ill App2d 264, 254 NE2d 814.

Plaintiffs and defendant in the basic litigation for personal injuries, settled their dispute, and on August 8, 1968, an order was entered dismissing the cause but retaining jurisdiction "for the adjudication of any and all hospital and medical liens." The same order provided that adjudication of liens was set for September 13, 1968. On that date, counsel for lienor requested a continuance because his client was engaged in emergency surgery. After colloquy between court and counsel, which was not preserved in this record, the case was reset for September 20.

On September 20, when the case was called, the attorney for lienor presented a duly noticed petition for

change of venue. The petition, which appears to conform to statutory requirements (Ill Rev Stats 1967, c 146, §§ 1 to 7), alleges, by affidavit of lienor dated Monday, September 16, that the prejudice of the judge first came to affiant's knowledge on Friday, September 13. The petition was denied, the judge stating, "Under the statute, your petition alleging prejudice on the 13th can't wait until the 20th to be filed. . . . It has got to be filed immediately." Over the objection of lienor, the court then proceeded to adjudicate his liens, reducing his claims against the two plaintiffs from $530 to $252.50, and from $150 to $50, respectively.

■ On this record, the only question is whether the trial court was correct in its ruling that the petition was not timely, as a timely petition in proper form must be allowed as a matter of absolute right in either civil or criminal cases. People v. Wilson, 37 Ill2d 617, 619, 230 NE2d 194, and cases there cited; Miller v. Miller, 43 Ill App2d 214, 215, 193 NE2d 105.

■ It has been held repeatedly that the venue statute should be liberally construed "to promote rather than defeat the right to a change of venue." Johnson v. United Motor Coach Co., 66 Ill App2d 295, 298, 214 NE2d 326, and cases there cited.

■ Section 6 of the act (Ill Rev Stats 1967, c 146, § 6) provides for ten days' notice to the opposite party, but with an exception "where the causes have arisen or come to the knowledge of the applicant within less than ten days before the making of the application." Liberally construed, this would indicate that an application might be timely even though the prejudice were alleged to have come to the applicant's knowledge up to ten days prior to application for change.

■■ In the instant case, the prejudice allegedly became known on Friday the 13th, the affidavit was executed on the following Monday, notice was given to counsel, and the petition was presented at the outset of the

hearing on the following Friday. We consider this to have been timely, particularly since on the 13th the judge had merely continued the case and had made no ruling on any substantive issue. (See discussion in Board of Junior College District No. 508 v. Cook County College Teachers Union, 126 Ill App2d 418, 262 NE2d 125.) Nor could he have done so because, under the act providing for physicians' liens, the court was without jurisdiction to adjudicate the liens except upon the filing of a petition for that purpose by the injured person or by the physician. Ill Rev Stats 1967, c 82, § 101.6. No such petition was ever filed in this case.

The order appealed from is reversed and the cause is remanded with direction to transfer the proceeding to another judge if lienor or plaintiffs elect, within a reasonable time, to file a petition for adjudication of the subject liens.

Reversed and remanded with directions.

STAMOS, P. J. and DRUCKER, J., concur.