*In re* MARRIAGE OF MAURICE W. BIRT, Petitioner-Appellee, and SARAH ANN BIRT, Respondent-Appellant.

Second District   No. 2—86—0483

Opinion filed June 30, 1987.

364

Walter P. Maksym, Jr., of Oak Brook, for appellant.

Keith E. Roberts, Sr., and Robert R. Verchota, both of Donovan & Roberts, P.C., of Wheaton, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Sarah Ann Birt, respondent, appeals from a supplemental judgment entered by the circuit court of Du Page County disposing of the remaining issues subsequent to the entry of an order dissolving her marriage to Maurice W. Birt, petitioner.

Respondent raises numerous issues on appeal. The first issue raised, which we find to be dispositive of this appeal, is whether the trial court erred in denying her petition for change of venue. The other issues are whether the trial court erred in awarding the parties joint custody of their four children; whether the trial court erred in valuing petitioner's business by allowing financial evidence and expert testimony which could not be tested due to petitioner's noncompliance with discovery and by permitting testimony of noncurrent valuation by unqualified witnesses; whether the trial court erred in not considering petitioner's medical degree or practice as a marital asset; whether the maintenance and child support ordered were inadequate; whether the trial court erred in concluding that respondent had dissipated marital assets; whether the trial court erred in quashing a subpoena for deposition of one of petitioner's employees; whether the trial court erred in barring respondent and her counsel from discussing the case during trial; and whether the trial court erred in precluding petitioner from making an offer of proof regarding prior proceedings between the parties.

We set forth only the proceedings and facts necessary to our resolution of the case. Petitioner filed a petition for dissolution of marriage on December 21, 1984. On May 28, 1985, a judgment of dissolution of marriage was entered which reserved all issues other than grounds. As part of discovery, respondent subpoenaed Margaret Dunne and Nicki Melnick, among others, for depositions. On July 30, 1985, Margaret Dunne, through petitioner's attorney, filed a motion to quash the subpoena with an attached affidavit. She stated that she was an occasional social friend of petitioner's, but that she had no knowledge, information or documents pertaining to the proceeding and that the subpoena had been issued to her solely for purposes of harassment. Nicki Melnick, also through petitioner's counsel, filed a motion for a protective order stating that her deposition had been taken in a prior dissolution proceeding which was dismissed upon respondent's motion, and that she had no documents in her possession pertaining to the parties' affairs. She requested that the portion of the subpoena commanding her to produce personal documents be quashed and that the scope of the discovery deposition be limited to the period subsequent to her prior deposition.

Although Judge S. Keith Lewis had been assigned to the case and had entered the previous orders in the case, in his absence Judge Robert A. Cox heard arguments on the motions July 30, 1985. Judge Cox granted Margaret Dunne's motion to quash the subpoena and denied Nicki Melnick's motion for a protective order, but ordered that respondent's attorney could only inquire into matters not fully covered in the prior deposition.

Trial was set for December 4, 1985, by Judge Lewis. Respondent filed a motion to reschedule the trial date and for an order compelling compliance with discovery. Because of an apparent reassignment of judges in the Eighteenth Judicial Circuit, the parties appeared before Judge Philip J. R. Equi on December 5, 1985. Judge Equi recused himself on that date, and the cause was transferred to Judge Cox. On December 10, 1985, respondent filed a petition for change of venue as a matter of right. The petition stated that the cause had been reassigned to Judge Cox and that respondent feared and reasonably believed that Judge Cox was prejudiced against her. She further stated that Judge Cox had not ruled on any substantial issues in the case and that she had not filed any previous petitions for change of venue.

A hearing was held on the petition. Petitioner argued that it was too late for respondent to assert a general claim of prejudice as she had appeared before Judge Cox previously and requested relief.

The petition was denied and trial was set for January 29, 1986.

The parties were married in 1966 and four children were born of the marriage. Petitioner's attorney, on two occasions, stated that custody was not an issue in the case and, during his closing argument, stated that the children should be in the custody of their mother.

It is unnecessary to set forth the testimony at trial in view of our decision on the change of venue issue. Following trial, a written judgment disposing of the remaining issues was entered on March 17, 1986. Among these, the trial court awarded the parties joint custody of the minor children.

■■■ Respondent first contends that her petition for change of venue was improperly denied, rendering all orders subsequent to the denial void. We agree. The right to a change of venue is absolute where a motion alleging prejudice of the judge is filed before trial or hearing and before the judge presiding in the case has made any substantial ruling. (Ill. Rev. Stat. 1985, ch. 110, pars. 2—1001(a)(2), (c); *In re Marriage of Kozloff* (1984), 101 Ill. 2d 526, 530, 463 N.E.2d 719.) The salutary principle is that one should not be compelled to plead his cause before a judge who is prejudiced, whether actually or only by suspicion, and the right is mandatory if made in apt time and from a single judge in a civil suit. (*American State Bank v. County of Woodford* (1977), 55 Ill. App. 3d 123, 128, 371 N.E.2d 232; see also *In re Marriage of Zannis* (1983), 114 Ill. App. 3d 1034, 1038, 449 N.E.2d 892.) Venue provisions are to be liberally construed in order to effect rather than defeat a change of venue, particularly when prejudice of the judge is charged. *Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 251, 311 N.E.2d 673; *Heman v. Jefferson* (1985), 136 Ill. App. 3d 745, 750, 483 N.E.2d 537.

■■ ■ A petition for change of venue, however, must be brought at the earliest practical moment. (*Wagner v. David* (1966), 35 Ill. 2d 494, 498, 221 N.E.2d 248.) A petition based upon a general allegation of prejudice is untimely if brought after a hearing on the merits has started or the trial court has ruled on a substantive issue in the cause. (*Heman v. Jefferson* (1985), 136 Ill. App. 3d 745, 750-51, 483 N.E.2d 537; see *Hildebrand v. Hildebrand* (1968), 41 Ill. 2d 87, 90, 242 N.E.2d 145.) The rationale for the timeliness requirement is that the courts have long condemned a litigant's attempt to seek a change of venue after he has formed an opinion, based upon the court's adverse rulings, that the judge may be unfavorably disposed toward his cause. (*In re Marriage of Kozloff* (1984), 101 Ill. 2d 526,

530-31, 463 N.E.2d 719.) A party should not be free to "judge shop" until he finds a jurist who is favorably disposed to his cause of action. *In re Marriage of Passiales* (1986), 144 Ill. App. 3d 629, 637, 494 N.E.2d 541; *In re Marriage of Zannis* (1983), 114 Ill. App. 3d 1034, 1038, 449 N.E.2d 892.

The question is, therefore, whether Judge Cox had ruled on a substantial issue in the case before respondent filed her petition for change of venue. The only rulings made by Judge Cox prior to respondent's petition were on two motions to limit discovery by nonparties to this action. Judge Lewis was still assigned to the case when Judge Cox apparently took Judge Lewis' motion call in his absence and granted Margaret Dunne's motion to quash her deposition subpoena and denied Nicki Melnick's motion for a protective order. Over four months later, the case was assigned to Judge Equi, who recused himself, and then assigned to Judge Cox. Respondent promptly thereafter filed her petition for change of venue from Judge Cox.

■ Petitioner first argues that this issue has been waived by respondent as she failed to include in the record the hearing before Judge Cox on the discovery motions. He maintains that it is thus impossible to determine what matters were addressed by the judge in ruling on the motions so that it must be presumed that the orders entered by the trial court were correct. The record here, however, does contain the motions ruled on and the order entered by Judge Cox. This is sufficient under the circumstances here for a determination of whether Judge Cox ruled on substantial issues in the case.

■ ■ Petitioner next contends that the rulings made by Judge Cox were substantial and precluded the granting of respondent's petition. He argues that, as respondent filed written responses to the motions, went to hearing on the motions before Judge Cox, and indeed has appealed from the order quashing the subpoena for deposition, her own actions acknowledge these matters as substantial rulings. We do not agree. The only case our research has disclosed dealing with the question of whether rulings on discovery motions are rulings on substantial issues in the case, *Delta Oil Co. v. Arnold* (1978), 66 Ill. App. 3d 375, 384 N.E.2d 25, held that motions relating to discovery were tangential to the merits of the case. The court stated, "[n]o authority has come to our attention which holds that motions relating to discovery can constitute substantial issues in a case." (66 Ill. App. 3d 375, 380, 384 N.E.2d 25.) The same is true here, and, as in *Delta Oil*, it is obvious that these issues were not

of substantial importance to the merits of this case. See 66 Ill. App. 3d 375, 380, 384 N.E.2d 25.

Cases which have found that a petition for change of venue was properly denied because the judge had made a ruling on a substantial issue in the case have involved, for example, rulings on motions to dismiss (see *Gilliland v. Board of Education* (1977), 67 Ill. 2d 143, 157, 365 N.E.2d 322; *National Bank v. Doss* (1986), 141 Ill. App. 3d 1065, 1069, 491 N.E.2d 106; *City of Peoria v. Peoria Rental, Inc.* (1978), 61 Ill. App. 3d 1, 3, 377 N.E.2d 546); motions for summary judgment (see *Heman v. Jefferson* (1985), 136 Ill. App. 3d 745, 751, 483 N.E.2d 537; *Lebovitz v. Cahill* (1979), 69 Ill. App. 3d 614, 618, 387 N.E.2d 943); a motion to dissolve a temporary injunction (*Board of Junior College District No. 508 v. Cook County Teachers Union* (1970), 126 Ill. App. 2d 418, 431, 262 N.E.2d 125); motions *in limine* and a motion for appointment of a guardian *ad litem* (*Yassin v. Certified Grocers of Illinois, Inc.* (1986), 150 Ill. App. 3d 1052, 1073, 502 N.E.2d 315); or have involved a situation where the court had already held in favor of the plaintiffs on a count of their complaint (*Dethloff v. Zeigler Coal Co.* (1980), 82 Ill. 2d 393, 412-13, 412 N.E.2d 526); or where the court had made pretrial rulings of law (*In re Estate of Roselli* (1979), 70 Ill. App. 3d 116, 121, 388 N.E.2d 87). The rulings made by the trial judge in those cases clearly pertained to matters going to the merits of the case. See *People v. Wilfong* (1959), 17 Ill. 2d 373, 375, 162 N.E.2d 256.

In contrast, cases which have found that the petition for change of venue was improperly denied as no rulings on substantial issues had been made involved rulings on motions for continuances (see *Little v. Newell* (1973), 14 Ill. App. 3d 564, 567, 302 N.E.2d 739; *Caprata v. Black* (1970), 127 Ill. App. 2d 363, 365-66, 262 N.E.2d 483); a ruling on a notice to admit facts and after a pretrial conference where no decisions were made affecting the merits of the case (*Fennema v. Joyce* (1972), 6 Ill. App. 3d 108, 110-11, 285 N.E.2d 156); the grant of a motion to amend a complaint to which there was no objection (*People ex rel. Alexander v. Keogh* (1980), 81 Ill. App. 3d 729, 730, 402 N.E.2d 391); and rulings on discovery motions and a motion for severance of issues (*Delta Oil Co. v. Arnold* (1978), 66 Ill. App. 3d 375, 380-81, 384 N.E.2d 25). The rulings in those cases involved issues not directly related to the merits of the case.

Here, the two discovery motions ruled on by Judge Cox were not related to the merits of the case, and, therefore, his rulings

were not on substantial issues in the case. Further, Judge Cox was not even assigned to the case at the time his rulings were made. While it has been held that a petition for change of venue was properly denied where there had been a ruling on a summary judgment motion by the judge before he was assigned to the case (*Lebovitz v. Cahill* (1979), 69 Ill. App. 3d 614, 618, 387 N.E.2d 943), under the circumstances here, respondent's petition for change of venue was presented at the earliest practical moment and before any ruling on a substantial issue and should have been granted. As any order entered subsequent to an improper denial of a change of venue is void (*Heman v. Jefferson* (1985), 136 Ill. App. 3d 745, 751, 483 N.E.2d 537; *In re Estates of Rice* (1979), 77 Ill. App. 3d 641, 648-49, 396 N.E.2d 298), the supplemental judgment is reversed, and the cause is remanded to the circuit court for a new trial with directions that it be transferred to another judge of the circuit for further proceedings not inconsistent with this opinion.

As this case must be reversed and remanded for a new trial before a different judge, we need not address most of the other issues raised by respondent which generally involve discretionary rulings or depend on evidentiary facts which may not be present in a retrial. However, two issues which might recur on remand will be briefly discussed. Respondent alleges error from Judge Cox's order, entered prior to the petition for change of venue, quashing Margaret Dunne's deposition subpoena. She argues that the trial court erred in not allowing the deposition of a "social friend" and employee of petitioner who could reasonably be believed to have knowledge of his business and lifestyle. The trial court, however, has broad discretion in ruling on discovery matters, and orders concerning discovery will not be interfered with on appeal absent a manifest abuse of discretion affirmatively and clearly shown. (87 Ill. 2d R. 201(c)(2); *Snyder v. Lowrey* (1986), 141 Ill. App. 3d 30, 32-33, 489 N.E.2d 899; *Robinson v. Greeley & Hansen* (1983), 114 Ill. App. 3d 720, 731, 449 N.E.2d 250.) Also, respondent here has failed to include a report of proceedings on Dunne's motion to quash the deposition subpoena. The appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958.) Respondent has failed to show a manifest abuse of discretion.

Respondent also contends that the trial court erred in

awarding the parties joint custody of the children when custody was not an issue in the case and in entering a "joint parenting order" over respondent's objection. We agree. Counsel for petitioner clearly indicated that custody was not an issue in the case and that respondent should be awarded custody. No testimony, therefore, was presented regarding the parenting ability of the parties and the best interests of the children.

Petitioner contends, however, that the court had the authority to award joint custody under section 602.1(b) of the Illinois Marriage and Dissolution of Marriage Act which was effective January 1, 1986. Section 602.1(b) states that "[u]pon the application of either or both parents, or upon its own motion, the court shall consider an award of joint custody" and that the court may enter an appropriate joint parenting order in the event that the parents fail to produce a joint parenting agreement (Ill. Rev. Stat. 1985, ch. 40, par. 602.1(b)). The section, however, also provides:

> "The court may enter an order of joint custody if it determines that joint custody would be in the best interests of the child, taking into account the following:
>
> (1) the ability of the parents to cooperate effectively and consistently with each other towards the best interest of the child;
>
> (2) the residential circumstances of each parent; and
>
> (3) all other factors which may be relevant to the best interest of the child." (Ill. Rev. Stat. 1985, ch. 40, par. 602.1(c).)

Here, no testimony was presented relating to the custody of the children, and an award of joint custody would be inappropriate on this record.

On the remaining issues, we express no opinion on the correctness of the trial judge's decisions.

For the foregoing reasons the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for a new trial consistent with this opinion.

Reversed and remanded.

UNVERZAGT and NASH, JJ., concur.