*In re* DOMINIQUE F. *et al.*, Minors (Dominique F. *et al.*, Respondents-Appellants, v. The People of the State of Illinois, Petitioner-Appellee).

First District (6th Division)   Nos. 1—90—1376 through 1—90—1378 cons.

Opinion filed September 28, 1990.

Patrick T. Murphy, Public Guardian, of Chicago (Michael G. Dsida, of counsel), for appellants.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, and Mark Ostrowski, Assistant State's Attorneys, of counsel), for the People.

Randolph N. Stone, Public Defender, of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for other appellee.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

This appeal arises from the trial court's denial of motions for change of venue filed by Patrick Murphy, Cook County public guardian. The State brought petitions for adjudication of wardship for several minors, alleging abuse, neglect, and/or dependency under the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1989, ch. 37, par. 801—1 *et seq.*). Murphy was appointed attorney and guardian *ad litem* for the

minors and immediately petitioned the court for a change of venue, asserting that the trial judge was prejudiced against him.

The trial court entered and continued the petitions, and prior to ruling on them, entered orders of protection, returning the minors to their parents or guardians. The court ultimately denied the petitions for change of venue in a consolidated ruling. The minors, by and through their attorney and guardian *ad litem*, appeal from the orders of protection entered by the trial court and from the court's denial of the motions for change of venue.

The record reveals that the Illinois Department of Children and Family Services (DCFS) caused petitions for adjudication of wardship to be filed in the interest of Stacy, Eric, and Juliann E. on March 20, 1990. Similar petitions were filed in the interest of Dominique F. and Anthony B. on March 30, 1990, and in the interest of Ricky F. on March 26, 1990. The petitions alleged that each of the minors was abused, neglected, and/or dependent.

The trial judge appointed Patrick T. Murphy, the public guardian of Cook County, as attorney and guardian *ad litem* for each of the minors. Murphy, through one of his assistants, accepted the appointments and immediately petitioned the court for a change of venue (Ill. Rev. Stat. 1989, ch. 110, par. 2—1001(a)(2)). The petitions for change of venue alleged that the minors would not receive a fair trial because the trial judge was prejudiced against Murphy and requested that each case be transferred to a different juvenile court judge. The assistant public guardian before the court stated that she intended to file a motion for change of venue in every sex and physical abuse case assigned to that trial judge.

Although the assistant public guardian requested an immediate ruling on the petitions in all but one of the cases, the trial court entered and continued the petitions for a subsequent ruling. The court then proceeded to address the merits of each of the cases, returning the minors to their parents or guardians under an order of protection (Ill. Rev. Stat. 1989, ch. 37, par. 802—25).

The trial court ultimately denied the petitions for change of venue in a consolidated ruling entered on April 27, 1990, finding that because its appointment of a guardian *ad litem* constituted a substantive order, the petitions were untimely. Noting that the public guardian had filed 55 similar petitions between August and October 1988 and had filed dozens more between October and December 1988, the court concluded that the petitions had not been filed in good faith and that the conduct of the public guardian was an abuse of legal procedure. Although he was aware that these arguments had been consid-

ered and rejected in *In re Darnell J.* (1989), 196 Ill. App. 3d 510, 554 N.E.2d 313, the trial judge declined to follow that decision because he believed it was decided incorrectly. Accordingly, the trial court denied the petitions for change of venue and upheld his prior orders of protection.

Murphy appeals on behalf of the minors, contending that the trial court erred in denying their petitions for a change of venue.

■ The Code of Civil Procedure provides that a change of venue may be had in any civil action where a party or his or her attorney fears that he or she will not receive a fair trial in the court in which the action is pending because the judge is prejudiced against that party or attorney. Ill. Rev. Stat. 1989, ch. 110, par. 2—1001(a)(2).

■ ■ The right to a change of venue is absolute where a motion alleging prejudice of the judge is filed before trial or hearing and before the judge presiding in the case has made any substantial ruling (Ill. Rev. Stat. 1989, ch. 110, pars. 2—1001(a), (c); *In re Marriage of Kozloff* (1984), 101 Ill. 2d 526, 530, 463 N.E.2d 719, 721; *County of Du Page v. E & E Hauling, Inc.* (1977), 67 Ill. 2d 390, 391, 368 N.E.2d 110), and a trial judge has no discretion to deny a petition which is in proper form and is in compliance with the statute (*County of Du Page*, 67 Ill. 2d at 391, 368 N.E.2d at 110; *In re Darnell J.* (1990), 196 Ill. App. 3d 510, 513, 554 N.E.2d 313, 315; *In re Marriage of Betts* (1987), 155 Ill. App. 3d 85, 96, 507 N.E.2d 912, 919). Venue provisions are to be liberally construed in order to effect rather than defeat a change of venue, particularly when prejudice of the judge is charged. *Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 251, 311 N.E.2d 673, 675; *In re Marriage of Birt* (1987), 157 Ill. App. 3d 363, 366, 510 N.E.2d 559, 562; *Heman v. Jefferson* (1985), 136 Ill. App. 3d 745, 750, 483 N.E.2d 537, 542; *Oberman v. Byrne* (1982), 104 Ill. App. 3d 1046, 1048, 433 N.E.2d 1024, 1026.

■ It is undisputed that the petitions at issue here were in the proper form and were timely filed. The record reveals that the petitions for change of venue complied with the technical requirements of the statute and were filed immediately after the appointment of the public guardian as attorney and guardian *ad litem* for the minors, prior to any other action or ruling in each case. Thus, the petitions were filed at the earliest practical moment (*Wagner v. David* (1966), 35 Ill. 2d 494, 498, 221 N.E.2d 248, 250; *In re Marriage of Birt*, 157 Ill. App. 3d at 366, 510 N.E.2d at 562; *Heman*, 136 Ill. App. 3d at 750, 483 N.E.2d at 542).

■ Contrary to the trial court's finding, the appointment of a

guardian *ad litem* in this case cannot be construed as a substantive ruling because such an appointment was required under the Act (Ill. Rev. Stat. 1989, ch. 37, par. 802—17(2)(c)). (See *In re Darnell J.*, 196 Ill. App. 3d at 513, 554 N.E.2d at 315 (appointment of guardian *ad litem* was not an order of substance); *Delta Oil Co. v. Arnold* (1978), 66 Ill. App. 3d 375, 380-81, 384 N.E.2d 25, 29 (denial of motion for severance was not an order of substance where court was required to deny the motion).) Indeed, the State does not assert in its brief that the petitions were untimely because the court had previously ruled on a substantive issue.

Rather, the State contends that the change of venue provision in the Code of Civil Procedure does not automatically apply in juvenile proceedings and asserts that the trial judge properly exercised his discretion in denying the petitions. This argument is without merit.

■■ It has previously been held that the Illinois Code of Civil Procedure applies to juvenile proceedings when the minor's liberty is not at issue and when no other section specifically regulates the procedure in question. (*In re Darnell J.*, 196 Ill. App. 3d at 513, 554 N.E.2d at 315; Ill. Ann. Stat., ch. 110, par. 1—108, Historical and Practice Notes, at 38-39 (Smith-Hurd 1983).) The Act does not preempt the change of venue provision, and because abuse and neglect proceedings do not involve a minor's liberty, they are appropriately considered "civil" proceedings. *In re Urbasek* (1967), 38 Ill. 2d 535, 543, 232 N.E.2d 716, 720; *In re Darnell J.*, 196 Ill. App. 3d at 513, 554 N.E.2d at 315. See also *In re Christenberry* (1979), 69 Ill. App. 3d 565, 387 N.E.2d 923 (civil rules apply to post-trial motions); *In re Harpman* (1985), 134 Ill. App. 3d 393, 480 N.E.2d 873 (civil rules apply to pleading standards); *People v. Davis* (1973), 11 Ill. App. 3d 775, 298 N.E.2d 350 (civil rules apply to testimony of adverse witnesses).

The State also contends that even if the venue provisions of the Code of Civil Procedure apply to abuse and neglect proceedings, the trial court properly denied the motions because they were filed in bad faith and amounted to an abuse of legal procedure. The cases relied upon by the State in support of this contention involve the filing of motions for change of venue to avoid or delay trial (*People v. Williams* (1988), 124 Ill. 2d 300, 529 N.E.2d 558; *Hoffmann v. Hoffmann* (1968), 40 Ill. 2d 344, 239 N.E.2d 795; *People v. Beamon* (1962), 24 Ill. 2d 562, 182 N.E.2d 698; *People v. Stewart* (1960), 20 Ill. 2d 387, 169 N.E.2d 796). Therefore, those cases are factually distinguishable from the cases at bar and are not controlling here.

■■ ■ It should be noted that although the public guardian serves at the pleasure of the chief judge of the circuit court of Cook County

(Ill. Rev. Stat. 1989, ch. 110½, par. 13—1.1), once he is appointed to represent the interests of a minor, he stands in the same position as any other attorney before the court and enjoys no special status by virtue of his role as public guardian. Consequently, he is entitled and obligated to pursue all avenues which serve or protect the best interests of his client, including the filing of a motion for change of venue. Although such a motion should be brought only where warranted by the facts of each individual case, and the automatic filing of such a motion in every case assigned to a particular judge is not a recommended practice and is not to be condoned, it does not appear that the conduct of the public guardian was an abuse of legal procedure.

■■ We note further that although he was aware of the decision in *In re Darnell J.*, the trial judge chose to disregard this precedent because he believed it was decided incorrectly. Trial judges are bound to follow case precedent, and for that reason we find that the trial court's failure to do so was error. We hold that the trial court improperly denied the motions for change of venue in the instant cases.

■■ Generally, properly filed motions should be heard and disposed of in the order in which they are filed. (*People v. Chestnut* (1973), 15 Ill. App. 3d 188, 190, 303 N.E.2d 440, 441; 60 C.J.S. *Motions & Orders* §37(3) (1969).) Where a timely petition for change of venue is in proper form and proper notice thereof has been given, it must be granted, and any order entered after its presentation is a nullity. (*Stickler v. McCarthy* (1965), 64 Ill. App. 2d 1, 19, 212 N.E.2d 723, 732, *aff'd in part & rev'd in part on other grounds* (1967), 37 Ill. 2d 48, 224 N.E.2d 827.) Therefore, the motions for change of venue should have been decided by the court prior to the entry of the protective orders.

For the foregoing reasons, the orders denying the motions for change of venue are reversed, the protective orders are vacated, and the causes are remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

McNAMARA and RAKOWSKI, JJ., concur.