(No. 71068.—

*In re* DOMINIQUE F. *et al.*, Minors (The People of the State of Illinois, Appellant, v. Dominique F. *et al.*, Appellees).

*Opinion filed November 27, 1991.*

Neil F. Hartigan and Roland W. Burris, Attorneys General, of Springfield, and Cecil A. Partee and Jack O'Malley, State's Attorneys, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee Goldfarb and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Patrick T. Murphy, Kathleen G. Kennedy and Michael G. Dsida, of the Office of the Public Guardian, of Chicago, for appellees.

JUSTICE BILANDIC delivered the opinion of the court:

This appeal arises out of the trial court's denial of several motions brought by Patrick T. Murphy, Cook County public guardian, seeking a change of venue based upon the prejudice of the trial judge. The appellate court reversed the trial court's denial of the motions (204 Ill. App. 3d 271), and we granted the State's petition for leave to appeal (134 Ill. 2d R. 315).

The Illinois Department of Children and Family Services caused petitions for adjudication of wardship to be filed in the interest of Ricky F. on March 26, 1990, and in the interest of Dominique F. and Anthony B. on March 30, 1990. Similar petitions were filed in the interest of Stacy, Eric, and Juliann E. on April 20, 1990. Each of the petitions alleged that the minors were abused, neglected and/or dependent so as to bring the cases within the purview of the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1987, ch. 37, par. 801—1 *et seq.*).

Judge Peter F. Costa was assigned to preside over the juvenile court proceedings in each of the cases. Judge Costa appointed Patrick T. Murphy, the Cook County public guardian, as the attorney and guardian *ad litem* for each of the minors. A guardian *ad litem* is a special guardian appointed by the court to prosecute or defend, on behalf of a minor, a lawsuit to which the minor is a party. (Black's Law Dictionary 40 (5th ed. 1979).) Pursuant to section 2—17 of the Juvenile Court Act, Judge Costa was required to appoint a guardian *ad litem* for each of the minors, but he was not required to choose the public guardian for that position. Ill. Rev. Stat. 1987, ch. 37, par. 802—17.

Immediately upon his appointment, Murphy, through one of his assistant public guardians, petitioned for a change of venue in each case, charging that the trial judge was prejudiced against Murphy. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(a)(2).) The written petitions specifically stated that the minor feared that he or she would not receive a fair trial because the judge was prejudiced against Murphy, the minor's attorney. The petitions further averred that the minor had not previously requested a change of venue and that the trial court had not yet ruled on any substantive issue in the case. In response to an inquiry by the trial judge, the assistant public guardian before the court stated that she intended to file a similar motion in every sexual or physical abuse case assigned to Judge Costa.

The trial judge entered and continued the change of venue petitions, despite the public guardian's request for an immediate ruling in all but one of the cases. Prior to ruling on the venue petitions, the judge decided the merits of each case and entered orders of protection in each, returning the minors to the custody of their parents or guardians pursuant to section 2—25 of the Juvenile Court Act (Ill. Rev. Stat. 1987, ch. 37, par. 802—25).

The trial judge thereafter denied each of the minors' petitions for a change of venue in a consolidated ruling. In delivering his findings, Judge Costa indicated that his denial was based on two grounds. First, the judge found that the petitions were untimely because they were filed after the judge had appointed a guardian *ad litem*, an act which the judge determined constituted a substantive ruling. The judge went on to find that the petitions should be denied because the public guardian's conduct in filing them constituted an abuse of legal procedure. In reaching this latter conclusion, Judge Costa referred to the public guardian's stated intent to file a similar petition in every case before Judge Costa which involves sexual or physical abuse and to the fact that the public guardian had previously filed more than 55 similar petitions in cases before Judge Costa. Judge Costa admitted that he was aware that this abuse-of-legal-procedure argument had been previously addressed and rejected by the appellate court in *In re Darnell J.* (1990), 196 Ill. App. 3d 510, and that he was bound by that precedent. However, the judge refused to follow that decision because he believed that its resolution of the issue was incorrect.

The minors, through Murphy, appealed the trial court's granting of the orders of protection and the denial of the petitions for change of venue. The appellate court reversed the trial court's denial of the change of venue petitions and vacated the protective orders. (204 Ill. App. 3d 271.) We granted the State's petition for leave to appeal (134 Ill. 2d R. 315).

I

The State argues before this court that the denial of the petitions for change of venue was proper because the public guardian's practice of routinely filing such petitions before Judge Costa constituted an abuse of legal

procedure. The State contends that the conduct of the public guardian disrupts the functioning of the court and threatens the court's ability to administer justice. The State has not pursued the argument that the change of venue petitions were not timely. Accordingly, we will not address that issue.

Abuse and neglect proceedings under the Juvenile Court Act are civil in nature (*In re Urbasek* (1967), 38 Ill. 2d 535, 543), and the Code of Civil Procedure applies to juvenile proceedings when the minor's liberty is not involved and when no other statutory provision specifically regulates the procedure at issue. (See Ill. Ann. Stat., ch. 110, par. 1—108, Historical & Practice Notes, at 38-39 (Smith-Hurd 1983); *In re Darnell J.* (1990), 196 Ill. App. 3d 510, 513.) Thus, because the minors' liberty is not at issue in the instant proceedings and the Juvenile Court Act does not expressly regulate change of venue procedures, the Code of Civil Procedure's change of venue provisions apply to the case before us. Section 2—1001(a)(2) of the Code of Civil Procedure provides, in pertinent part:

> "(a) A change of venue in any civil action may be had in the following situations:
>    \*\*\*
> (2) Where any party or his or her attorney fears that he or she will not receive a fair trial in the court in which the action is pending, because \*\*\* the judge is prejudiced against him or her, or his or her attorney \*\*\*." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(a)(2).)

A "change of venue" pursuant to this provision results in a change from one judge to another of the same court. Under section 2—1002 of the Code of Civil Procedure, a party may have only one change of venue. Ill. Rev. Stat. 1987, ch. 110, par. 2—1002.

It is well settled that venue provisions are to be liberally construed, with an end toward effecting rather than

defeating a change of venue, particularly where the impartiality of the trial judge is called into question. (*Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 251.) All civil litigants have an absolute right to a change of venue where a petition asserting general prejudice on the part of the trial judge is filed before trial or hearing and before the trial judge has made any substantive ruling in the case. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—1001(a)(2), (c); *In re Marriage of Kozloff* (1984), 101 Ill. 2d 526, 530; *Darnell J.*, 196 Ill. App. 3d at 513.) The right is mandatory if made in apt time and in proper form, and a trial judge has no discretion to deny a timely and proper request. (*In re Marriage of Betts* (1987), 155 Ill. App. 3d 85, 96.) The petition need contain no specific allegations of prejudice; rather, a general allegation that the trial judge is prejudiced against a party or his lawyer is sufficient to require that the cause be transferred to a new judge. (*Betts*, 155 Ill. App. 3d at 96.) Providing the foundation for these rules is the salutary principle that a party should not be compelled to plead his cause before a judge who is prejudiced, whether actually or only by suspicion. *In re Marriage of Birt* (1987), 157 Ill. App. 3d 363, 366.

The record reveals that the petitions for change of venue in the present case complied with the technical statutory requirements (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001), and were filed prior to any substantive ruling by Judge Costa. Therefore, granting the petitions was mandatory and the trial judge was without discretion to do otherwise. The State contends, however, that this case presents an exception to the absolute right to a change of venue because the petitions herein were filed in bad faith and the public guardian's conduct in filing them constitutes an abuse of legal procedure.

This precise issue was recently addressed by our appellate court in the virtually identical case of *In re*

*Darnell J.* (1990), 196 Ill. App. 3d 510. There, an appeal was taken by the public guardian (Murphy) from Judge Costa's denial of several petitions for change of venue filed by the public guardian on behalf of the minors he represented. In *Darnell J.*, as in the case at bar, the public guardian had previously filed over 50 similar motions before Judge Costa and had stated his intent to continue filing such motions. (*Darnell J.*, 196 Ill. App. 3d at 512.) The State argued there, as it does here, that the denial was proper because the public guardian's practice of routinely filing these petitions in every physical or sexual abuse case before Judge Costa disrupts the smooth functioning of the court. *Darnell J.*, 196 Ill. App. 3d at 513.

The appellate court in *Darnell J.* determined that the public guardian's conduct in that case did not provide a sufficient rationale for departing from the long-settled rule that the right to a change of venue is absolute. (*Darnell J.*, 196 Ill. App. 3d at 514.) The court based its conclusion upon its observation that the office of public · guardian is filled by the chief judge of the circuit court, who administers the operation of the juvenile division in which Judge Costa serves. Thus, if the public guardian's conduct was such that it disrupted the smooth functioning of the juvenile court, the situation could be easily remedied because the public guardian serves " 'at the pleasure of the chief judge.' " (*Darnell J.*, 196 Ill. App. 3d at 514, quoting Ill. Rev. Stat. 1987, ch. 110½, par. 13—1.1.) Accordingly, the court concluded that the trial judge improperly denied the minors' petitions for change of venue. *Darnell J.*, 196 Ill. App. 3d at 514.

The reasoning of the court in *Darnell J.* is equally applicable to the case at bar. We find no reason in the present case to create an exception to the well-grounded rule that the right to a change of venue based upon judicial prejudice is absolute. This court has long adhered to

the principle that it is not for the trial judge to decide if he or she entertains a prejudice against a party. (*People v. Shiffman* (1932), 350 Ill. 243, 246.) In keeping with this principle, the rule was established that a trial judge, when properly petitioned for a change of venue based upon his or her own alleged prejudice, must allow the change as a matter of right. (*Shiffman*, 350 Ill. at 247.) The purported disruption of the trial court's functioning asserted by the State in the case at bar does not provide a rationale for departing from these principles. Such a disruption, should it be found to exist, can be dealt with swiftly and effectively by other means. (See *Darnell J.*, 196 Ill. App. 3d at 514.) We further note, in passing, that no statute or rule *required* Judge Costa to choose the public guardian to fill the position of guardian *ad litem* in any of the cases before him. Thus, Judge Costa's quarrel with the public guardian's methods was somewhat exacerbated by Judge Costa's own conduct in repeatedly choosing to appoint the public guardian to that position.

The cases relied upon by the State are wholly inapposite. The State cites *Hoffmann v. Hoffmann* (1968), 40 Ill. 2d 344, *People v. Stewart* (1960), 20 Ill. 2d 387, and *City of Chicago v. Marquardt* (1961), 30 Ill. App. 2d 108, in which the trial court's denial of a petition for change of venue was held to be proper. However, each of those decisions rests upon the court's determination that the petition was being used as a means to avoid or delay trial. (*Hoffmann*, 40 Ill. 2d at 348; *Stewart*, 20 Ill. 2d at 392; *Marquardt*, 30 Ill. App. 2d at 111-12.) In the present case, no allegation has been made that the minors were seeking a change of venue in order to avoid or delay trial and the record reveals no evidence which would sustain such an allegation. The petitions were filed immediately after the appointment of the public guardian as the attorney and guardian *ad litem* for the

minors. Thus, the above-cited cases have no applicability to the case at bar.

The State also cites this court's decision in *People ex rel. Baricevic v. Wharton* (1990), 136 Ill. 2d 423, as authority for its contention that a trial judge may properly deny a petition for a change of venue. *Baricevic*, however, provides no support for the State's position. In *Baricevic*, the State's Attorney of St. Clair County brought an action for a supervisory order asking this court to order a trial judge, Milton S. Wharton, to transfer six criminal cases to a different judge pursuant to the State's Attorney's substitution-of-judge motions. (Ill. Rev. Stat. 1987, ch. 38, par. 114—5(c).) Section 114—5(c) of the Code of Criminal Procedure of 1963 allows the State in a criminal case to seek one automatic substitution of judges by timely filing a petition alleging that the assigned judge is prejudiced against the State. Judge Wharton had denied the substitution motions, finding that the State's Attorney was using the motions in an attempt to compel the chief judge of the circuit court to remove him from the felony docket. Such interference by the State's Attorney, the trial judge determined, constituted a violation of the separation of powers provision of the Illinois Constitution (Ill. Const. 1970, art. II, §1). *Baricevic*, 136 Ill. 2d at 429.

This court concluded in *Baricevic* that Judge Wharton properly denied the substitution motions on the ground that the State's Attorney's conduct violated the separation of powers doctrine. Its conclusion rested on the fact that there was ample evidence that the State's Attorney's use of the substitution motions was designed to coerce the chief judge into removing Judge Wharton from the felony docket. The State's Attorney had admitted that, prior to filing the motions, he had asked the chief judge to reassign Judge Wharton, and two memorandums were presented which contained the State's At-

torney's request for the reassignment and his statement of intent to continue filing the substitution motions should his request be denied. Based upon this evidence, this court determined that the State's Attorney, a member of the executive branch of government, was impermissibly interfering with the judiciary's exclusive power to assign judges. (*Baricevic*, 136 Ill. 2d at 435.) The court went on to establish a procedure for reviewing whether a prosecutor's use of the substitution-of-judge motion violates the separation of powers doctrine. *Baricevic*, 136 Ill. 2d at 438-40.

In the case at bar, the litigant seeking a change of venue is not a member of the executive or legislative branch of our State's government. To the contrary, the public guardian is both appointed and removed by the chief judge of the circuit court and is thus more aptly considered to be an arm of the judicial branch. (See Ill. Rev. Stat. 1987, ch. 110½, par. 13—1.1.) The holding in *Baricevic* was grounded in the fact that the executive branch of government was, through the conduct of the State's Attorney, interfering with the exclusive powers of the judicial branch. No such separation of powers violation exists in the present case and the *Baricevic* decision therefore has no bearing on the case at bar.

Moreover, in *Baricevic*, the asserted interference with the judiciary's authority was potentially much more serious than could occur in the instant case. In *Baricevic*, the State's Attorney was repeatedly attempting to transfer cases from one particular judge on the felony docket of the St. Clair County circuit court. That conduct had a great potential for disruption, as there are a relatively small number of judges on that docket. Conversely, in the case at bar, there are 18 judges serving in the juvenile division of the circuit court of Cook County and repeated transfers from one judge can therefore be

more easily absorbed. For that additional reason, *Baricevic* is inapplicable to the case *sub judice*.

"It is fundamental in Illinois that the decisions of an appellate court are binding precedent on all circuit courts \*\*\*." (*People v. Harris* (1988), 123 Ill. 2d 113, 128.) Judge Costa recognized that the decision of the appellate court in *Darnell J.* was identical to the case at bar and that it was binding precedent. Nevertheless, he chose to disregard this precedent because he disagreed with it. Such conduct is not acceptable.

Accordingly, we conclude that the trial judge improperly denied the minors' petitions for a change of venue. We agree with the appellate court that properly filed motions should generally be heard and disposed of in the order in which they are filed. (204 Ill. App. 3d at 276, citing *People v. Chestnut* (1973), 15 Ill. App. 3d 188, 190; 60 C.J.S. *Motions & Orders* §37(3) (1969).) Where a petition for change of venue is timely filed and in proper form, it must be granted and any order entered after its presentation is a nullity. (See *Stickler v. McCarthy* (1965), 64 Ill. App. 2d 1, 19, *aff'd in part & rev'd in part on other grounds* (1967), 37 Ill. 2d 48.) We cannot allow a trial judge to circumvent rules of law by postponing a decision on a change of venue petition until after he has ruled on the substantive issues in the case. The petitions for change of venue in the instant case should have been heard and allowed by Judge Costa prior to his ruling on any other issues in the case. The orders of protection entered by Judge Costa are therefore void.

For the foregoing reasons, the judgment of the appellate court, reversing the trial court's denial of the change of venue petitions, vacating the protective orders, and remanding the cause to the circuit court, is affirmed.

*Appellate court affirmed.*