2022 IL App (1st) 201086
No. 1-20-1086
February 22, 2022

FIRST DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| FARAH GOHARI, as the Named Class Representative Plaintiff and on Behalf of All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | No. 16 CH 08261 |
| v. | ) | |
| | ) | Honorable |
| McDONALD'S CORPORATION; LOTT #1, INC., | ) | Anna M. Loftus |
| McDonald's Franchise at O'Hare Airport, Terminal 1, | ) | Judge Presiding. |
| Concourse C; and LOTT #1, INC., McDonald's Franchise | ) | |
| at O'Hare Airport, Terminal 1, Concourse B, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE WALKER delivered the judgment of the court, with opinion.
Presiding Justice Hyman and Justice Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1     Farah Gohari sued McDonald's Corporation (McDonald's) for fraud. At the start of a hearing on a discovery motion, Gohari moved for substitution of judge as of right. The trial court denied the motion and later entered summary judgment in favor of McDonald's. Gohari

argues on appeal that we must vacate all orders entered after the erroneous denial of her motion for substitution of judge. McDonald's argues that the motion came too late because the judge had already ruled on substantial issues and started a hearing before Gohari moved for substitution of judge.

¶ 2        As we interpret section 2-1001 of the Code of Civil Procedure (735 ILCS 5/2-1001 (West 2018)), which governs motions for substitution of judge, we hold that rulings concerning the order in which the court will consider motions and rulings regarding the form of documents filed with the court do not constitute rulings on substantial issues for purposes of section 2-1001. We further hold that a hearing on a discovery motion does not defeat the right to substitution of judge under section 2-1001. We find that the trial court's erroneous denial of the motion for substitution of judge requires us to vacate all orders entered after the erroneous ruling, and we remand for further proceedings on the complaint.

¶ 3                                   I. BACKGROUND

¶ 4        In 2016, Gohari sued McDonald's and others, claiming that McDonald's outlets at O'Hare Airport posted signs showing prices far less than the prices McDonald's charged for the items. In the complaint, Gohari alleged common law fraud in count I and a violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2018)) in count II. McDonald's moved to dismiss the complaint. Judge Kathleen Pantle dismissed the common law fraud count with prejudice but found the consumer fraud count viable. She denied a motion to add appealability language to the order for dismissal of count I. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 5        Judge Pantle retired in July 2018. The circuit court assigned the case to Judge Anna Loftus. Judge Loftus presided at a brief settlement conference in March 2019, where she entered no rulings.

¶ 6        McDonald's filed a motion for summary judgment. Gohari filed a response claiming she needed depositions from several employees of McDonald's to respond to the motion for summary judgment. See Ill. S. Ct. R. 191 (eff. Jan. 4, 2013). Before the scheduled hearing on the discovery motion, Gohari's counsel sent several case citations to the court in letters addressed to the court.

¶ 7        Prior to the hearing on July 19, 2019, Judge Loftus told Gohari's counsel she would ignore the citations and arguments included in the letters sent to the court but invited counsel to make the arguments and citations properly in briefs filed with the court. Gohari's counsel asked the court for leave to file an amended complaint. Judge Loftus ruled that she would hear argument on the discovery motion before hearing argument on the motion for leave to amend the complaint.

¶ 8        The following exchange preceded discussion of the motion for leave to take depositions:

> "MR. KRISLOV [Gohari's counsel]: Your Honor, since you have not ruled substantively on anything in this case, we would ask for a change for our one-time—
>
> THE COURT: Well, the question is whether the hearing has begun, and I addressed—I discussed the motion itself, and I have started the hearing, and I think you'd have [to] address that factor.

You can get it as a right, as long as no hearing has begun, so the question is whether the hearing has begun.

MR. KRISLOV: Well, you have begun the hearing on a non-substantive matter. It's a procedural issue.

THE COURT: Well, I think it's a substantive matter, whether I should allow you to take four depositions before responding to a motion for summary judgment.

\*\*\*

THE COURT: So, are we still moving forward with the motion to substitute?

MR. KRISLOV: Yes, we would still want to move forward with the motion to substitute.

\*\*\*

THE COURT: I'm concluding on the record today that I've already begun the hearing. I've already addressed certain arguments counsel has raised, upon which it appears that prompted the request for substitution, which is along the lines of testing the waters.

So, for the purposes—in response to your motion to substitute, I'm going deny that motion.

And just for the record, it was a motion as of right."

¶ 9     In October 2020, Judge Loftus entered an order granting summary judgment in favor of McDonald's and the other defendants, finally disposing of the case. Gohari appealed. Before this court addressed the appeal, our supreme court decided *Palos Community Hospital v. Humana Insurance Co.*, 2021 IL 126008. The court rejected "test[ing] the waters" as grounds for denying a motion for substitution of judge as of right. *Palos Community Hospital*, 2021 IL 126008, ¶ 30. Gohari filed a motion contending that, in light of *Palos Community Hospital*, this court must reverse the denial of her motion for substitution of judge and vacate all orders entered after she made the motion on July 19, 2019. McDonald's contends that even under *Palos Community Hospital*, Gohari made the motion for substitution of judge too late. We took Gohari's motion for reversal in light of *Palos Community Hospital* with the case.

¶ 10                                    II. ANALYSIS

¶ 11    Gohari argues on appeal that the trial court should have granted her motion for substitution of judge and should have denied McDonald's motions for summary judgment. We review *de novo* the denial of a motion for substitution of judge as of right. *Illinois Licensed Beverage Ass'n v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 932 (2002).

¶ 12    Section 2-1001(a)(2)(ii) of the Code of Civil Procedure provides that the trial court must grant a party's motion for substitution of judge if the party presents the motion "before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case." 735 ILCS 5/2-1001(a)(2)(ii) (West 2018). McDonald's argues that Gohari filed her motion too late because Judge Loftus had already ruled on substantial issues and because Judge Loftus had already started a hearing.

¶ 13    Judge Loftus interpreted section 2-1001 in accord with first district precedent. In *Cincinnati Insurance Co. v. Chapman*, 2012 IL App (1st) 111792, ¶ 23, for example, the court emphasized the prevention of judge shopping through use of the "test the waters" doctrine. Only one of Illinois's five appellate districts—the Fourth District—rejected the "test the waters" doctrine prior to *Palos Community Hospital*. The Fourth District's reasoning in *Schnepf v. Schnepf*, 2013 IL App (4th) 121142, provides guidance for interpretation of section 2-1001.

> "The [test the waters] doctrine not only does nothing to advance the functioning of section 2-1001(a)(2), but it also affirmatively frustrates its purpose. By inviting the trial judge to make the potentially nuanced, subjective determination of whether he has tipped his hand at some point during the proceedings, the doctrine undermines the movant's right to have the fate of his case placed in the hands of a different judge. ***
>
> Justice McDade articulated an additional, more fundamental flaw in the 'test the waters' doctrine, as follows:
>
>> 'It appears that an acknowledgment that one has "tipped his hand" is tantamount to a concession that he has prejudged the case and is, therefore, biased. It seems to me that such a finding ought to mandate a recusal rather than militating against it. As it now stands, if the judge has *not* formed an opinion and given the parties some inkling of what that opinion is, then a party is able to take a recusal as a matter of right; if, on the other hand, the judge *has* formed an opinion before the evidence has been presented and has tipped his hand to that effect, he must remain as the judge in the case.

*** [T]his result makes no sense to me ***.' (Emphases in original.) [*In re Estate of Gay*, 353 Ill. App. 3d 341, 345-46 (2004) (McDade, J., specially concurring).]

***

*** [S]ection 2-1001(a)(2) of the Code is to be liberally construed, and if the motion 'is timely, in proper form, and in compliance with the statute, the right to a change of venue in both civil and criminal cases is absolute.' [*Rosewood Corp. v. Transamerica Insurance Co.*, 57 Ill. 2d 247, 250 (1974).] *** Freedom from judicial prejudice was the only stated purpose of the statute, and it was not inconsistent with a liberal construction to limit the statute to that purpose. Now, however, prejudice is irrelevant to section 2-1001(a)(2), and parties are no longer limited to that single basis for seeking a substitution of judge. Under a liberal construction of the current statute, parties are free to move for a substitution of judge as of right for whatever reason they wish, provided their purpose is not to delay or avoid trial [citation]. Accordingly, when the statutory conditions are met and there is no showing that substitution is sought to delay or avoid trial, judges have no authority to inquire into the movant's reason for seeking substitution and to deny the motion if that reason does not meet their approval.

*** [T]he concern over 'judge shopping' is already addressed by the requirement that the motion be presented 'before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case.'

735 ILCS 5/2-1001(a)(2)(ii) (West 2008)." *Schnepf*, 2013 IL App (4th) 121142, ¶¶ 50-54.

¶ 14     The *Palos Community Hospital* court acknowledged that parties might "strategically time the filing of their motions for substitution of judge as of right as a form of gamesmanship." *Palos Community Hospital*, 2021 IL 126008, ¶ 35. However, the court noted that "[e]ven without the test the waters doctrine, the trial court may rely on its inherent authority to enter any orders necessary to prevent abuse or manipulation of the system." *Palos Community Hospital*, 2021 IL 126008, ¶ 35.

¶ 15                          A. Substantial Ruling

¶ 16     The appellate court in *In re Marriage of Birt*, 157 Ill. App. 3d 363, 368 (1987), summarized cases finding rulings either substantial or not substantial within the meaning of the predecessor of section 2-1001. The appellate court reasoned that when petitions for change of venue were properly denied, the trial judge had already made substantial rulings on (1) motions to dismiss, (2) motions for summary judgment, (3) motions to dissolve a temporary injunction, (4) motions *in limine*, (5) motions to appoint a guardian *ad litem*, (6) motions involving allegations in the complaint, (7) pretrial rulings of law, and (8) other matters relating to the merits of the case. *Birt*, 157 Ill. App. 3d at 368.

¶ 17     The appellate court also examined cases in which petitions for change of venue were improperly denied because the trial judges rulings involved nonsubstantial issues like (1) motions for continuances, (2) rulings on a notice to admit facts, (3) situations concerning a pretrial conference where no decisions were made affecting the merits of the case, (4) the grant of a motion to amend a complaint to which there was no objection, (5) rulings on discovery

motions, and (6) motions for severance of issues. Courts found that rulings in those cases involved issues not directly related to the merits of the case. *Birt*, 157 Ill. App. 3d at 368.

¶ 18    We construe the statute "liberally *** to effect rather than defeat the right of substitution." *Beahringer v. Hardee's Food Systems, Inc.*, 282 Ill. App. 3d 600, 601 (1996). In accord with *Birt* and a liberal construction of section 2-1001, we find that the trial court did not rule on a substantial issue when it decided the order in which it would consider the motion for leave to take depositions and the motion for leave to amend the complaint. See *Schnepf*, 2013 IL App (4th) 121142, ¶ 58 (ruling on scheduling is not a substantial ruling). The ruling on the proper format for documents addressed to the court also does not qualify as a ruling on a substantial issue. See *Stoller v. Paul Revere Life Insurance Co.*, 163 Ill. App. 3d 438, 441 (1987) (procedural rulings on discovery issues not substantial). Judge Loftus had not made any substantial rulings before Gohari moved for substitution of judge.

¶ 19                                    B. Hearing

¶ 20    Judge Loftus scheduled a hearing on Gohari's motion for leave to take depositions of several McDonald's employees. The parties arrived at the courtroom, and Gohari's attorney started to argue for leave to file an amended complaint before Judge Loftus interrupted to rule that she would hear the motion for depositions first. Before starting to argue the motion, Gohari's attorney moved for substitution of judge. McDonald's argues that the motion came too late because the court began a hearing within the meaning of section 2-1001 before the attorney moved for substitution.

¶ 21    The requirement that the motion must come before "hearing begins" remained unchanged after the legislature amended the statute to distinguish motions for change of venue from

9

motions for substitution of judge. See Ill. Rev. Stat. 1989, ch. 110, ¶ 2-1001(c), 735 ILCS 5/2-1001(a)(2)(ii), 2-1001.5(c) (West 1994); see *In re Marriage of Roach*, 245 Ill. App. 3d 742, 746-47 (1993). Courts have interpreted "hearing" for venue purposes as a "hearing on the merits." *Stark v. Ralph F. Roussey & Associates*, 5 Ill. App. 3d 665, 667 (1972); *Sansonetti v. Archer Laundry, Inc.*, 44 Ill. App. 3d 789, 798 (1976). Construing the statute liberally to permit substitution of judge, we find that a hearing, for purposes of section 2-1001, refers to a hearing on the merits. The hearing on the motion for discovery would not determine the merits of the complaint. Thus, we need not decide whether the hearing on July 19, 2019, began before Gohari moved for substitution. Because Judge Loftus had not begun a hearing on the merits and she had not ruled on any substantial issues, section 2-1001 required the court to grant the motion for substitution of judge. *Illinois Licensed Beverage Ass'n*, 333 Ill. App. 3d at 933-34. "Orders entered after a motion for substitution of judge has been improperly denied are void." *Illinois Licensed Beverage Ass'n*, 333 Ill. App. 3d at 932. We vacate all orders Judge Loftus entered after Gohari made the motion for substitution of judge on July 19, 2019.

¶ 22    Because we vacate the order granting McDonald's motion for summary judgment on the complaint, we lack jurisdiction to consider the parties' arguments on the court's decision on each count of the complaint. We cannot consider an appeal from Judge Pantle's order granting McDonald's motion for judgment on count I of the complaint because Judge Pantle denied the motion to include Rule 304(a) language that might have made the judgment on that count appealable. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 23                                    III. CONCLUSION

¶ 24        Because Judge Loftus had not ruled on any substantial issues and had not begun a hearing on the merits before Gohari made a motion for substitution of judge, section 2-1001 required the trial court to grant the motion. We vacate all orders entered after the trial court denied the motion for substitution of judge and remand for further proceedings on the complaint.

¶ 25        Orders vacated; cause remanded.

---

**No. 1-20-1086**

---

| | |
|---|---|
| **Cite as:** | *Gohari v. McDonald's Corp.*, 2022 IL App (1st) 201086 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 16-CH-08261; the Hon. Anna M. Loftus, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Clinton A. Krislov and Kenneth Goldstein, of Krislov & Associates, Ltd., of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | David J. Doyle and Matthew H. Bunn, of Freeborn & Peters LLP, of Chicago, for appellee McDonald's Corporation. |
| | Jessica K. Burtnett and Brittany N. Bermudez, of Traub Lieberman Straus & Shrewsberry, LLP, of Chicago, for appellee Lott #1, Inc. |

---