**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 230016-U

Order filed December 21, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| BRIANNE JAMISON, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-23-0016 |
| | ) | Circuit No. 13-L-1201 |
| CHRISTOPHER SWEENEY, | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | Neal W. Cerne |
| | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Hettel and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1   *Held*:   Because the plaintiff's motion for substitution of judge as a matter of right met the statutory criteria, the trial court erred in denying it, requiring all of its subsequent orders to be vacated and the cause remanded for a new trial.

¶ 2   The plaintiff in a civil case filed a motion for mandatory substitution of judge as of right. The trial court denied the motion, finding that it was untimely and would cause additional delay in an already protracted trial. The trial proceeded, with the jury and the trial court finding in favor of the defendant on all counts.

¶ 3        On appeal, the plaintiff raises numerous issues, including the improper denial of her

substitution motion. Because the motion satisfied the stated criteria, its grant was mandated by

the statute, and the trial court erred in denying the motion. We reverse that ruling, vacate all

subsequent orders entered in the case, including the trial judgment, and remand the cause for

further proceedings before a new judge.

¶ 4                                    I. BACKGROUND

¶ 5        The plaintiff, Brianne Jamison[1], filed a three-count complaint in the Du Page County

circuit court against her former stepfather, Christopher Sweeney, alleging that he sexually abused

her from September 2007 until she reported the abuse to her mother in January 2008. At the time

of the alleged abuse, Jamison was 13-years-old. After learning of the accusations, the mother

removed Sweeney from the home and notified police, who conducted an investigation. No

criminal charges were ever filed.

¶ 6        Count I of Jamison's complaint alleged assault and battery and sought compensatory and

punitive damages. Count II alleged intentional infliction of emotional distress, and Count III

alleged a violation of the Gender Violence Act (740 ILCS 82/1 *et seq*. (West 2022)). After the

parties conducted extensive pretrial practice, trial began before Judge French Mallen on

September 30, 2019. During defense counsel's opening statement, he violated the court's ruling

on a motion *in limine* barring any reference to the absence of any criminal proceedings against

Sweeney, resulting in a mistrial being declared on October 1.

¶ 7        A lengthy series of delays ensued, including a two-year delay created by Sweeney's

request for a stay pending the conclusion of the criminal investigation, as well as subsequent

---

[1] The plaintiff's name is spelled both "Jamison" and "Jameson" in the record on appeal. Although the

parties' briefs use "Jameson," we adhere to the spelling shown on the notice of appeal and use "Jamison" herein.

delays occasioned by the COVID-19 pandemic. Ultimately, Judge Bryan Chapman set the second trial for January 9, 2023. Judge Chapman was subsequently re-assigned, however, making it unclear who would conduct the trial on that date. To clarify the matter, Jamison filed a Motion for Status Hearing, and/or Assignment of Trial Judge on December 6, 2022, and the Notice of Motion was set for 9:00 a.m. on December 20 before Judge Cerne. In the interim, an Administrative Reassignment Notice was issued on December 12, assigning the case to Courtroom 2016, Judge Cerne.

¶ 8        On December 20, Judge Cerne heard the Motion for Status Hearing, and/or Assignment of Trial Judge and confirmed that the trial date would remain unchanged, although no order is found in the record. At 12:28 p.m. that day, Jamison filed her Motion for Substitution of Judge as a Matter of Right pursuant to section 2-1001(a)(2) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1001(a)(2) (West 2022)), and a hearing on the substitution motion was set for January 5.

¶ 9        At the conclusion of the January 5 hearing, the trial court denied Jamison's substitute motion, finding it untimely because it would further delay the trial. Jamison unsuccessfully requested the addition of language in the order that would permit her to take an interlocutory appeal, and on January 7, she filed a petition seeking a supervisory order from the Illinois supreme court to obtain relief. She also filed a motion in the trial court seeking reconsideration of the denial of her substitution motion and a stay of the proceedings pending a ruling on her petition for a supervisory order; that motion was denied on January 9.

¶ 10        Trial began as scheduled on January 9, with Counts I and II being heard by the jury, and Count III being heard by the trial court. In relevant part, Jamison presented testimony from her mother, a Department of Children and Family Services (DCFS) investigator, and a DCFS

3

worker, and she testified on her own behalf. Sweeney called his expert witness, psychiatrist Dr. Peter Fink, and also testified on his own behalf. After the courthouse closed on Friday, January 13, the jury returned verdicts in favor of defendant Sweeney on Counts I and II, and the trial court found for Sweeney on the Gender Violence Act claim in Count III. Because the court clerk had already left the courthouse, which was closed on Monday, January 16 for Martin Luther King, Jr. Day, entry of the judgment was delayed until Tuesday, January 17. A few hours prior to the judgment being entered, Jamison filed her notice of appeal. In this court, Sweeney subsequently filed two motions seeking dismissal of the appeal, both of which we denied.

¶ 11                                    II. ANALYSIS

¶ 12        Jamison raises six issues on appeal: (1) whether the trial court erred in denying her pretrial motion for substitution of judge as a matter of right; (2) whether the trial court's reversal of a prior ruling on Jamison's motion *in limine* improperly allowed Sweeney to testify that he was not arrested or criminally charged for his alleged sexual abuse of Jamison; (3) whether the trial court improperly excluded evidence of the DCFS investigation into Sweeney's alleged sexual abuse of Jamison; (4) whether defense counsel's closing argument included an inaccurate statement of law that prejudiced Jamison's case; (5) whether the trial court improperly admitted testimony from defense expert Dr. Peter Fink and precluded Jamison's counsel from conducting adequate cross-examination; and (6) whether the trial court erred by deciding Jamison's claim under the Gender Violence Act, improperly preventing it from being tried by the jury.

¶ 13        Jamison first argues that the trial court erred by not granting her pretrial request for substitution of judge as a matter of right pursuant to section 2-1001(a)(2) of the Code (735 ILCS 5/2-1001(a)(2) (West 2022)). She asks that we vacate the trial judgment and remand the cause for additional proceedings before a new judge. In response, Sweeney initially renews an

4

argument advanced in his first dismissal motion, asserting that Jamison forfeited any relief by failing to file a posttrial motion pursuant to section 2-1202(c) of the Code (735 ILCS 5/2-1202 (West 2022)). That section states:

"§ 2-1202. Reserved ruling on motion for directed verdict--Post-trial motions in jury cases.

\*\*\*

(b) *Relief desired after trial in jury cases, heretofore sought by reserved motions for directed verdict or motions for judgment notwithstanding the verdict, in arrest of judgment or for new trial, must be sought in a single post-trial motion.* \*\*\* The post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, and must state the relief desired, as for example, the entry of a judgment, the granting of a new trial or other appropriate relief. Relief sought in post-trial motions may be in the alternative or may be conditioned upon the denial of other relief asked in preference thereto, as for example, a new trial may be requested in the event a request for judgment is denied.

(c) *Post-trial motions must be filed within 30 days after the entry of judgment* or the discharge of the jury, if no verdict is reached, or within any further time the court may allow within the 30 days or any extensions thereof. \*\*\*." (Emphases added.) 735 ILCS 5/2-1202 (West 2022).

¶ 14        As the highlighted language demonstrates, section 2-1202 permits motions seeking posttrial relief in civil cases, including motions for a new trial, but does not expressly require them. It simply states that if a party chooses to request multiple types of posttrial relief, they "must be sought in a single post-trial motion," and that motion generally "must be filed within 30

5

days after the entry of judgment." 735 ILCS 5/2-1202(b), (c) (West 2022). Here, Jamison filed a pretrial motion to reconsider the denial of her substitution motion but not a posttrial motion raising that issue. Because section 2-1202 does not require a civil litigant to file a posttrial motion to preserve an issue for appeal, however, we are not persuaded by Sweeney's forfeiture argument.

¶ 15       Sweeney next contends that this court lacks appellate jurisdiction because no final judgment existed when Jamison filed her notice of appeal a few hours before the formal entry of the trial court's judgment. This reiterates a contention we previously rejected in his second motion to dismiss Jamison's appeal.

¶ 16       The record reveals that the formal entry of judgment was delayed because the jury returned its verdict late on a Friday, after the court clerk had left the courthouse. Although judgment was not formally entered until the courthouse re-opened after the long weekend created by the Martin Luther King, Jr. Day holiday, the verdicts were delivered in open court on the preceding Friday. In examining the merits of Sweeney's jurisdictional claim, we are guided by the plain language of the applicable Supreme Court Rule. In relevant part, Illinois Supreme Court Rule 303(a)(1) provides that:

> "(a) Time; Filing; Transmission of Notice of Appeal.
>
> > (1) The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from *** *A notice of appeal filed after the court announces a decision, but before the entry of the judgment or order, is treated as filed on the date of and after the entry of the judgment or order.*" (Emphasis added.) Ill. S. Ct. R. 303(a)(1) (eff. Mar. 8, 2016).

The final sentence of Rule 303(a)(1) clearly and unambiguously states that a notice of appeal filed subsequent to the court's announcement of a decision, but prior to its formal entry of that judgment, is deemed to be "filed on the date of and *after entry of the judgment*." (Emphasis added.) *Id.*

¶ 17     Here, the jury's decisions on Counts I and II of Jamison's complaint were announced in open court on January 13, with the final judgment being formally entered on January 17, the same day that Jamison filed her notice of appeal. Applying the express language of Rule 303(a)(1), her notice of appeal "is treated as filed *** after the entry of the judgment or order," providing this court with jurisdiction over the instant appeal.

¶ 18     Having disposed of Sweeney's procedural arguments, we turn to the merits of Jamison's claim that the trial court improperly denied her motion for substitution of judge as a matter of right. The statute governing the substitution of judges in civil actions states:

"(a) A substitution of judge in any civil action may be had in the following situations:

***

(2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

(i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties." 735 ILCS 5/2-1001(a)(2) (West 2022).

7

¶ 19    Our supreme court declared that statutory language to be plain and unambiguous in *Palos Community Hospital v. Humana Insurance Company, Inc.*, 2021 IL 126008, ¶ 24. The statute mandates the grant of one substitution request per party as long as the motion is filed "before certain, *specified* occurrences," which are expressly defined as the start of the proceeding and a ruling "on any substantial issue in the case." (Emphasis added.) 735 ILCS 5/2-1001(a)(2) (West 2022); *id.* ¶ 28. Applying that construction to the facts in *Palos Hospital*, the court rejected the conclusion of both the trial and the appellate courts that the movant had improperly "tested the waters" before filing the substitution motion by "having 'been able to form an opinion as to the court's disposition toward his or her case.' " *Id.* ¶¶ 13, 19, 28. The court explained that a party's decision to "test the waters" was "not among the criteria listed in the statute." *Id.* ¶ 28. Thus, we reject Sweeney's argument that Jamison's motion was properly denied because she had been "testing the waters." "The test the waters doctrine is an improper basis on which to deny a motion for substitution of judge as of right." *Id.*

¶ 20    In denying Jamison's motion, the trial court also relied on its belief that once a substitution motion "is timely, it means that it can't be brought for the purposes of delay," despite her argument that any consideration outside the express statutory requirements was irrelevant. The trial court disagreed, stating, "Timeliness means it would cause a delay. It is being brought for delay." As the trial court reiterated when denying Jamison's motion to reconsider, "[t]he statute is pretty clear. It says that it has to be timely made. In the case it says it can't be brought for purposes of delay. The case would be delayed if I grant it ***."

¶ 21    While granting Jamison's substitution motion would indeed delay the trial, that delay cannot alter the interpretation of the statute that was clearly stated in *Palos Hospital. Id.* ¶ 28. Applying the reasoning in that case, the trial court's view here is "incompatible with the plain

8

language of section 2-1001(a)(2)," which includes no mention of delay. *Id.* ¶ 28. "When properly made, a motion for substitution of judge as of right is absolute; the trial court has no discretion to deny it." *Id.* ¶ 25.

¶ 22     Recognizing the potential for litigants to use the statute to "strategically time the filing of their motions for substitution of judge as of right as a form of gamesmanship," the court in *Palos Hospital* also noted that denial of a party's request for substitution as a matter of right was not "the only tool available to the trial judge to protect the integrity of the court." *Id.* ¶ 35. Indeed, trial courts possess the inherent capacity to manage their own dockets and provide for an orderly handling of their caseloads. Accordingly, "the trial court may rely on its inherent authority to enter any orders necessary to prevent abuse or manipulation of the system." *Id.* That guidance does not, however, alter the proper interpretation of section 2-1001(a)(2) as stated in *Palos Hospital*.

¶ 23     In lieu of using their discretion to deny properly raised substitution motions, trial courts may protect the integrity of the judicial process by using the " 'inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." ' " *Palos Hospital*, 2021 IL 126008, ¶ 28 (quoting *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962))). Even though "the trial court may rely on its inherent authority to enter any orders necessary to prevent abuse or manipulation of the system" (*id.* ¶ 35), inherent judicial authority cannot be used to deprive a litigant of an absolute right granted by statute. As the United States Supreme Court explained in *Dietz*, a court's use of "inherent power must be a reasonable response to a specific problem and *the power cannot contradict any express rule or statute*." (Emphasis added.) *Dietz*, 579 U.S. at 40, 46.

¶ 24    Here, the statute expressly grants litigants the absolute right to one substitution of judge without cause if the request is made before both trial and any substantive rulings by that judge. 735 ILCS 5/2-1001(a)(2) (West 2022); *Palos Hospital*, 2021 IL 126008, ¶ 25. While trial judges possess some inherent authority, that authority is limited; they are not entitled to circumvent the plain and ordinary meaning of that language as a means of managing their cases. *Dietz*, 579 U.S. at 46. As our supreme court has " 'repeatedly observed, '[c]ourts are not at liberty to depart from the plain language and meaning of a statute by reading into it exceptions, limitations, or conditions the legislature did not express." *In re Hernandez*, 2020 IL 124661, ¶ 18." *Palos Hospital*, 2021 IL 126008, ¶ 31.

¶ 25    Applying that reasoning here, we reject the trial court's unsupported assertion that any delay potentially caused by granting Jamison's substitution motion could be relevant to its decision. Because the motion was timely filed prior to trial and before Justice Cerne ruled on any substantive matters, as required by the statute, we reverse the denial of Jamison's substitution motion.

¶ 26    Having held that the trial court erred by denying that motion, we next consider the impact that error had on the orders it subsequently entered, including the entry of judgment in the case. In *Chavis v. Woodworker's Shop, Inc.*, a homeowner filed a *pro se* small claims case alleging the improper installation of some hardwood floors. At the end of the parties' first appearance in the matter, the homeowner made "an inappropriate remark" to the judge, who found him in contempt and put him in a holding cell until he apologized. Two weeks before the bench trial was to start, the homeowner asked that the judge recuse herself. *Chavis v. Woodworker's Shop, Inc.*, 2018 IL App (3d) 170729, ¶¶ 5-6. The request was denied because the trial court found that the prior contempt finding constituted a substantive ruling that precluded a grant of a substitution motion.

10

*Id.* ¶ 7. The trial proceeded, with the court finding in favor of the homeowner for only a portion of his claim and awarding him a small fraction of his claimed damages.

¶ 27        On appeal, the appellate court recognized litigants' absolute right to one substitution of judge if the request is made before trial and any rulings on substantive issues. *Id.* ¶¶ 11, 12. " 'Section 2-1001(a)(2) of the Code is "to be liberally construed, and where the conditions are met, the trial court has no discretion to deny the request unless it is shown that the motion was made simply to delay or avoid trial." ' *Illinois Licensed Beverage Ass'n v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 932 (2002) (quoting *Sahoury v. Moses*, 308 Ill. App. 3d 413, 414 (1999))." *Id.* ¶ 12. The court concluded that because the contempt finding "had nothing to do with the merits of plaintiffs' small claims action *** no ruling was made on a 'substantial issue' in the case," making the denial of the substitution motion improper. *Id.* ¶ 14. Consequently, the court reversed the denial order and vacated all the orders entered after it, finding that they were "a nullity." In support, the court cited *In re Dominique F.,* 145 Ill. 2d 311, 324 (1991). *Id.* ¶ 15.

¶ 28        In *In re Dominique F.*, the supreme court upheld the appellate court's decision to void all orders entered after the improper denial of a petition seeking a change of venue. In its discussion, the court noted that a properly filed petition for change of venue "must be granted and any order entered after its presentation is a nullity." *In re Dominique F.*, 145 Ill. 2d 311, 324 (1991). Similarly, Jamison's motion for substitution of judge had to be granted in this case because it met the requisite statutory criteria. Following the reasoning in *Chavis* and *Dominque F.*, we hold that all orders entered by Judge Cerne after the erroneous denial of Jamison's motion are void and must be vacated, with the cause remanded for re-trial. Due to this disposition of the case, we need not address the remaining issues raised on appeal.

¶ 29                           III. CONCLUSION

¶ 30　　　　For the reasons stated, we reverse the Du Page County circuit court's denial of Jamison's motion for substitution of judge as a matter of right, vacate all of the orders entered after that ruling, including the trial judgment, and remand the cause for a new trial before a different judge.

¶ 31　　　　c.